1

**LAW OFFICE OF ANDREW M. WEISS**
Andrew M. Weiss, Esq. (SBN 242520)
8117 W. Manchester Avenue, Suite 490
Playa Del Rey, California 90293
Telephone:    310-882-8838
Facsimile:    310-469-0191
amwesq@gmail.com

Attorney for Plaintiff,
**KATHRYN JOHNSON**

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO

FEB 1 0 2023

BY:    Michelle Gomez-Casillas, Deputy

CIV SB 2 3 0 4 0 1 4

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN BERNARDINO

| | |
|---|---|
| Kathryn Johnson, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FOREST RIVER, INC., an Indiana Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:<br>Unlimited Jurisdiction<br><br>**COMPLAINT**<br><br>1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY**<br>2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY**<br>3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |

- 1 -

**COMPLAINT**

Plaintiff Kathryn Johnson ("Plaintiff") alleges as follows against Defendants FOREST RIVER, INC., an Indiana Corporation ("Forest"), and DOES 1 through 10, inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

## DEMAND FOR JURY TRIAL

1.    Plaintiff Kathryn Johnson hereby demands trial by jury in this action.

## GENERAL ALLEGATIONS

2.    Plaintiff Kathryn Johnson is an individual who resides in the City of Yucaipa, County of San Bernardino, State of California.

3.    Forest is an Indiana Corporation doing business in California.

4.    These causes of action arise out of the warranty obligations of in connection with a vehicle purchased by Plaintiff and for which  issued a written warranty.

5.    Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff. Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6.    All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7.    Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein.

///

///

///

///

- 2 -

**COMPLAINT**

8.    On or about April 11, 2022, Plaintiff purchased a 2023 Forest River Forester 2441DS, VIN 1FDXE4FN8NDC31783 ("the Subject Vehicle"). Express warranties accompanied the purchase of the Subject Vehicle to Plaintiff which undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

9.    The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, defective structural systems, defective electrical systems, defective mechanical systems, and defective propane fuel systems.

10.    Plaintiff hereby revokes acceptance of the purchase contract.

11.    Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

12.    Plaintiff is a "buyer" of consumer goods under the Act.

13.    Forest  is a "manufacturer" and/or "distributor" under the Act.

14.    Plaintiff hereby demands trial by jury in this action.

### FIRST CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Express Warranty

15.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

16.    Express warranties accompanied the purchase of the vehicle to Plaintiff by which , undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

17.    The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, defective structural systems, defective electrical systems, defective mechanical systems, and defective propane fuel systems.

///

///

- 3 -

**COMPLAINT**

18.     Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

19.     Plaintiff is the "buyer" of consumer goods under the Act.

20.     Forest  is a "manufacturer" and/or "distributor" under the Act.

21.     The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

22.     Plaintiff delivered the vehicle to an authorized  repair facility for repair of the nonconformities.

23.     Forest was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

24.     Notwithstanding Plaintiff's entitlement, Forest has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

25.     By failure of Forest to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Forest is in breach of its obligations under the Song-Beverly Act.

26.     Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

27.     Plaintiff is entitled to all incidental, consequential, and general damages resulting from Forest's failure to comply with its obligations under the Song-Beverly Act.

28.     Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

29.     Because Forest willfully violated the Song-Beverly Act, Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for Forest's willful failure to comply with its responsibilities under the Act.

///

///

- 4 -

**COMPLAINT**

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

30.  Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

31.  Forest and its authorized dealership at which Plaintiff purchased the subject vehicle had reason to know the purpose of the Subject Vehicle at the time of purchase of the subject vehicle. The purchase of the Subject Vehicle was accompanied by implied warranties provided for under the law.

32.  Among other warranties, the purchase of the Subject Vehicle was accompanied by an implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

33.  The Subject Vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with one or more defective vehicle systems/components.

34.  The Subject Vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with one or more defective vehicle systems/components.

35.  The Subject Vehicle was not of the same quality as those generally acceptable in the trade because it was sold with one or more defective vehicle systems/components which manifested as defective structural systems, defective electrical systems, defective mechanical systems, and defective propane fuel systems.

36.  Upon information and belief, the defective vehicle systems and components were present at the time of purchase of the Subject Vehicle; thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

37.  Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*;

38.  Plaintiff hereby revokes acceptance of the Subject Vehicle.

39.  Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

40.  Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

- 5 -
**COMPLAINT**

41.    Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2(b)

42.    Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

43.    Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

44.    Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

45.    Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

46.    The purchase of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including defective structural systems, defective electrical systems, defective mechanical systems, and defective propane fuel systems.

47.    Plaintiff complained about the subject vehicle to Forest on multiple occasions, without any satisfactory response.

48.    Forest has refused to conform the Subject Vehicle to the warranty within 30 days and/or commence repairs within a reasonable time and has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

49.    Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq;*

50.    Plaintiff hereby revokes acceptance of the subject vehicle.

- 6 -

## COMPLAINT

51.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

52.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

53.    Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

54.    Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

55.    Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that  has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

- 7 -
**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  For general, special, and actual damages according to proof at trial;

2.  For rescission of the purchase contract and restitution of all monies expended;

3.  For diminution in value;

4.  For incidental and consequential damages according to proof at trial;

5.  For civil penalty in the amount of two times Plaintiff's actual damages;

6.  For prejudgment interest at the legal rate;

7.  For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

Dated:    February 9, 2023

LAW OFFICE OF ANDREW M. WEISS

_____
Andrew M. Weiss, Esq.
Attorney for Plaintiff,
**Kathryn Johnson**

- 8 -

**COMPLAINT**